IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>**ATHANASIOS III, LLC,**<br><br>          **Debtor,**<br><br>**PEGGY HUNT, Trustee,**<br><br>          **Appellant,**<br><br>v.<br><br>**MEMORIAL BUILDING, LLC,**<br><br>          **Appellee.** | **MEMORANDUM DECISION<br>AND ORDER**<br><br>**Case No.  2:11CV994 DAK** |

      This matter is before the court on appeal from an Order of the United States Bankruptcy Court for the District of Utah (the "Bankruptcy Court").  Oral argument was held on October 22, 2012.  At the argument, Appellant Peggy Hunt, the Chapter 7 Trustee (the "Trustee") for Athanasios III, LLC (the "Debtor"), represented herself, and Appellee Memorial Building, LLC ("Memorial Building") was represented by Joseph E. Wrona.  Appellee Creditor KB Squared LLC was represented by Mona Lyman Burton.  The court has carefully considered the briefs and other materials submitted by the parties.   Since taking the matter under advisement, the court has further considered the law and facts relating to this appeal.  Now being fully advised, the court renders the following Memorandum Decision and Order.

## I. ISSUES ON APPEAL

The issue on appeal is whether a Bankruptcy Court Order granting relief from the automatic stay is void as a matter of law because stay relief was granted on no notice and thus, whether the Bankruptcy Court erred in denying the Trustee relief from that Order under Federal Rule of Civil Procedure 60(b)(4), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024?

## II. STANDARD OF REVIEW

Whether a court has erred in denying relief under Federal Rule of Civil Procedure 60(b)(4), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 9024, is subject to *de novo* review.  *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011).

## III. STATEMENT OF THE CASE

This appeal is from an Order dated September 23, 2011, in which the Bankruptcy Court denied the Trustee's request for Reconsideration (the "Order Denying Reconsideration").  More specifically, the Order denied the Trustee's request for the Bankruptcy Court to reconsider its Order granting relief from stay in favor of Memorial, which allowed Memorial to evict the Debtor from Memorial's property.  The Trustee argued in her Reconsideration Motion that certain creditors of the Debtor's bankruptcy estate did not receive proper notice of the motion for relief from stay or the Bankruptcy Court's order granting the relief from stay.  Therefore, the Trustee argued, the order was void as inconsistent with those creditors' due process rights.

Appellees argue that the court must dismiss the instant appeal for lack of personal jurisdiction because the Trustee lacks standing to raise due process violation claims on behalf of

2

creditors of the Debtor's bankruptcy estate.  Alternatively, they argue that the Bankruptcy Court did not err in denying the Reconsideration Motion because Bankruptcy Court's Order because the notice provided to creditors satisfied due process.

## IV.  BACKGROUND

**A.  The Lease Agreement and State Court Eviction**

On or around February 2, 2006, the Debtor entered into a lease agreement (the "Lease") with Greenwich Holdings, LLC ("Greenwich"), under which the Debtor leased a portion of a commercial building located at 427 Main Street, Park City, Utah (the "Premises").[1] Subsequently, Greenwich assigned its interests in the Lease to Memorial.[2]   The Debtor defaulted under the Lease, and Memorial commenced an eviction proceeding against the Debtor in the Third District Court for the District of Utah, Summit County (the "State Court") in Case No. 090501022 (the "State Court Action").[3]

**B.  The Debtor Files for Bankruptcy and Assumes the Lease**

On September 16, 2010, the Debtor filed its voluntary bankruptcy petition under Chapter 11 of the United States Bankruptcy Code.[4]   The State Court Action was stayed as a result of the Debtor filing for bankruptcy.

---

[1]  App. Tab 2 at Ex. 1 ¶ 1.

[2]  App. Tab 26 ¶ 5.

[3]  *See* App. Tab 17 ¶ 11; App. Tab 26 ¶ 8.

[4]  App. Tab 1 at Dkt. 1.

On December 6, 2010, the Debtor filed a Motion to Assume Lease or Executory Contract, seeking authority from the Bankruptcy Court to assume the Lease Agreement pursuant to 11 U.S.C. § 365(a) (the "Lease Assumption Motion").[5]  The Bankruptcy Court held a hearing on the Lease Assumption Motion and no parties participated in the hearing except the Debtor, the United States Trustee, and Memorial.[6]  No other creditors appeared or requested to be heard.[7]

The Bankruptcy Court conditionally granted the Assumption Motion on January 5, 2011.[8]  The Bankruptcy Court's Order Granting the Lease Assumption Motion (the "Lease Assumption Order") was conditioned on the Debtor satisfying certain payment obligations including its obligation to cure its default under the Lease as set forth in the Lease Assumption Order and its obligation to pay monthly rent no later than the first business day of each month.[9]

The Lease Assumption Order expressly stated that, in paying monthly rent, time was of the essence.[10]  Further, the Lease Assumption Order provided that if the Debtor failed to make the payments under the Lease and Lease Assumption Order, Memorial could obtain an expedited

---

[5]  App. Tab 2.

[6]  App. Tab 38 at 32:4-7.

[7]  *Id*.

[8]  App. Tab 4.  The Lease Agreement expired by its terms in March 2011, but prior to the Petition Date, the Debtor exercised its option to renew the Lease Agreement for five years – or until March 2016.

[9]  *Id*. at ¶¶ 1, 6.

[10]  *Id*. at ¶ 6.

hearing seeking relief from the automatic stay to pursue its state law remedies to obtain possession of the Property upon forty-eight hours notice to the Debtor, Debtor's counsel, and the United States Trustee.[11]

**C.  The Debtor Defaults Under the Lease and Memorial Evicts the Debtor**

On March 3, 2011, Memorial filed a Motion for Order Finding Noncompliance with Lease Assumption Order and Deeming Lease Rejected, alleging that the Debtor submitted its March 2011 rent payment late (the "Lease Rejection Motion").[12]  The Lease Rejection Motion was served on the following parties: (a) Laurie A. Cayton ("Cayton") on behalf of the United States Trustee, (b) Peter Kuhn ("Kuhn") on behalf of the United States Trustee, (c) Michael L. Lebertew on behalf of creditor Paul Crowe ("Crowe"), (d) Steven R. Paul on behalf of the Debtor, (e) the United States Trustee's Office, and (f) interested parties who were receiving notices electronically in the bankruptcy case.[13]  Cayton, Kuhn and the United State's Trustee's Office are hereinafter collectively referred to as the "UST's Office."

The Lease Rejection Motion was not served on the following three creditors who were listed on the Debtor's List of Twenty Largest Unsecured Creditors: (a) Vantus Law, (b) CCI Mechanical, or (c) Peters & Schofield. [14]  In the Lease Rejection Motion, Memorial did not

---

[11] *Id*. at ¶ 11.

[12] App. Tab 7.

[13] App. Tabs 9 and 10.

[14] App. Tab 34 p. 4; *see also* Appellant's Br. ¶ 14.

specifically request relief from the automatic stay under 11 U.S.C. § 362(d), but it requested that the Lease "be deemed rejected and that it be allowed to return to [the State Court] for appropriate remedies, including eviction" of the Debtor.[15] The Debtor filed a Response to the Lease Rejection Motion on March 8, 2011.[16]

On March 10, 2011, the Bankruptcy Court held a hearing on the Lease Rejection Motion. During the hearing, the Bankruptcy Court admitted a copy of a rent check dated March 9, 2011, which the Debtor asserted was the monthly rent payment for March 2011, even though it was dated eight days after the March 2011 rent payment was due and owing.[17] After admitting the March 2011 rent check into evidence, the Bankruptcy Court noted that because the Debtor had made the cure payment in accordance with the Lease Assumption Order, the Lease was assumed and there was no longer anything to "reject" in spite of the title of the Lease Rejection Motion.[18]

The Bankruptcy Court, however, found that the Lease Rejection Motion also sought relief from the automatic stay under 11 U.S.C. § 362(d), and, to end continual disputes between the parties about rent payments, the Bankruptcy Court granted Memorial prospective relief from the automatic stay in the event that future rent was not timely paid.[19] The Bankruptcy Court granted

---

[15] App. Tab 7 at p. 2.

[16] App. Tab 11.

[17] App. Tab 13 at 8:7-11 and Ex. A.

[18] *Id*. at 19:7-9, 19-23.

[19] *Id*. at 19:22-25; App. Tab 37 at pp. 35-36.

6

the motion based on a finding that:

> In paragraph six of [the Lease Assumption Order, the Bankruptcy Court] required the Debtor to pay the monthly rent no later than the first business day of each month and time is of the essence. That was my language. What intended…is that the [L]ease payment be made on the first business day of each month [and] [t]hat wasn't done in this case.[20]

The Bankruptcy Court stated that it was not necessary for Memorial "to come in here every month when the payment's not made timely to ask for relief," and held that if the Debtor failed to pay "any future rent . . . within three business days of the first business day of the month, Memorial [], has relief from stay to proceed with any state court action, eviction action, [or] whatever it deems appropriate without further notice, hearing or order. This type of proceeding will not happen again in this case."[21] On April 7, 2011, the Bankruptcy Court entered its Order on the Release Rejection Motion, which summarized the findings it made at the March 10, 2011 hearing (the "Relief Order").[22]

In the Relief Order, the Bankruptcy Court expressly re-characterized the Lease Rejection Motion as a Relief Motion.[23] It also reiterated that monthly rent payments under the Lease "remain due on the first business day of the month, in certified funds, and time remains of the

---

[20] App. Tab 13 at 19:9-16.

[21] *Id*. at 20:1-15.

[22] App. Tab 14.

[23] *Id*. at ¶ 1.

7

essence."[24] More specifically, the Bankruptcy Court provided, the Debtor must make the Lease payments "during normal business hours no later than the third business day of the month."[25]

Further, the Bankruptcy Court again stated that if the Debtor failed to make its Lease payments by the close of business on the third business day, that Memorial could "proceed with any action it deems appropriate without further hearing, notice, or order" in the bankruptcy case.[26]

The Relief Order was served on the Debtor, Crowe, the UST's Office and Memorial.[27] It was not, however, served on all the creditors entitled to a notice of a motion for relief from stay under Federal Rule of Bankruptcy Procedure 4001(a)(3). Nevertheless, the Debtor failed to timely pay the full amount of the April 2011 Lease payment on or before April 5, 2011.[28] As a result, Memorial filed a Notice of Default on Lease (the "Notice of Default") on April 10, 2011.[29] The Notice of Default was served on: (a) the UST's Office, (b) Crowe, and (c) the Debtor.[30]

The Notice of Default advised that the amount due under the lease on April 1, 2011 was

---

[24] *Id*. at ¶ 3(a)

[25] *Id*. at ¶ 3(b)

[26] *Id*. at ¶ 3(c)

[27] App. Tab 37 at 37:6-8.

[28] App. Tab 26 ¶¶ 6-7 and Ex. G attached thereto.

[29] App. Tab 15.

[30] App. Tab 16.

$25,937.22 and that as of April 5, 2011 the Debtor had failed to make the payment.[31]  On April 11, 2011, Memorial filed an Amended Motion for Order of Immediate Restitution in the State Litigation.[32]

As a result, on April 25, 2011, the State Court entered an Order of Restitution (the "Restitution Order") against the Debtor in the State Court Action, which evicted the Debtor from the Premises.[33]  The Restitution Order granted restitution that became effective as of April 28, 2011, and required the Debtor to remove all of its personal property from the Premises, and restore possession of the Premises to Memorial by April 28, 2011.[34]  The Restitution Order also provided that if the Debtor failed to vacate the premises by April 28, 2011, Memorial could forcibly remove the Debtor from the Premises.[35]  On April 28, 2011, Memorial changed the locks to the Premises.[36]

## D.  The Debtor's Case Is Converted and the Trustee Is Appointed

On April 28, 2011, the Bankruptcy Court entered an Order converting the Debtor's

---

[31] *Id.*; *see also* App. Tab 15 ¶ 2.

[32] App. Tab 17 ¶ 21 and Ex. B attached thereto.

[33] *Id.* at ¶ 25 and Ex. C attached thereto.

[34] *Id.* at Ex. C p. 2.

[35] *Id.*

[36] App. Tab 26 ¶ 25.

Chapter 11 Case to a case under Chapter 7 of the Bankruptcy Code.[37] On April 29, 2011, the Bankruptcy Court appointed the Trustee as the Chapter 7 Trustee for the Debtor's bankruptcy estate.[38] As part of her investigation of the Debtor's estate, the Trustee has determined that the Lease Agreement is the most significant asset of the Chapter 7 estate and that the Debtor's interest therein may be sold to benefit the unsecured creditors existing in the Debtor's bankruptcy case.[39]

**E. The Trustee Seeks Reconsideration of the Relief Order**

On June 3, 2011, Memorial served a Renewed Notice of Termination of Lease Agreement on the Debtor (the "Renewed Notice").[40] The Renewed Notice reiterated to the Debtor that the Lease was terminated and that the Renewed Notice was issued pursuant to the terms of the Lease as modified by the Relief Order.[41]

On June 10, 2011, the Trustee filed a Motion for Entry of an Order (1) Declaring Eviction of Debtor Void as Violation of the Automatic Stay; (2) Finding Contempt for Violation of the Automatic Stay; (3) Setting a Cure Amount, if any, Pertaining to the Lease Agreement; and (4) Requesting Extension of Time to Assume or Reject Executory Contacts and Unexpired

---

[37] App. Tab. 17 ¶ 5 (citing Bankr. Dkt. 162).

[38] App. Tab 17 ¶ 6 (citing Bankr. Dkt. 164).

[39] Docket No. 9, Appellant's Br. at 8.

[40] App. Tab. 17 ¶ 36 and Ex. E attached thereto.

[41] *Id*.

Leases (the "Void Eviction Motion"), maintaining, among other things, that Memorial's eviction of the Debtor from the Leased Premises was void because (a) the eviction was premature inasmuch as the eviction proceeding was commenced prior to the expiration of Federal Rule of Bankruptcy Procedure 4001(a)(3)'s mandated 14-day stay; (b) the Debtor was not in violation of the Bankruptcy Court's Stay Relief Order; and (c) the eviction was not conducted in accordance with state law requirements.[42]

On August 15, 2011, after receiving guidance from the Bankruptcy Court at a hearing as to its views on the Void Eviction Motion, the Trustee filed a Motion to Reconsider (the "Reconsideration Motion.")[43] In the Reconsideration Motion, the Trustee requested that the Bankruptcy Court reconsider the Relief Order because the Trustee alleged, among other things, that the Unsecured Creditors were deprived of due process because they did not receive actual notice of the Relief Motion and allegedly were not afforded an opportunity to be heard.[44] The Reconsideration Motion was served on all parties who had entered an appearance in the bankruptcy case and requested electronic service.[45] No creditors, however, joined in the Reconsideration Motion or ever filed any pleadings relating to the Lease Rejection Motion, the

---

[42] App. Tab 17.

[43] App. Tab 31.

[44] *See generally id*.

[45] *Id*. at p. 10.

Relief Order or the Reconsideration Motion.[46] Memorial filed an Objection and Response to the Reconsideration Motion, and Appellee KB Squared and two other creditors joined in the objection because KB Squared had entered into a new lease with Memorial and was leasing the Premises.[47]

The Bankruptcy Court held a hearing on the Reconsideration Motion on September 1, 2011, in which it denied the Reconsideration Motion because it found that notice of the Lease Relief Motion and Relief Order was proper.[48]  During the hearing, the Bankruptcy Court noted that the Trustee does not "represent the individual creditors that [she] say[s] were harmed by entry of [the Relief Order] . . . but none of them" appeared at the hearing or "filed any pleadings."[49]  On September 23, 2011, the Bankruptcy Court entered the Order Denying Reconsideration, which memorialized the Bankruptcy Court's findings.[50]  The Trustee filed a timely notice of appeal from the Order Denying Reconsideration on September 26, 2011.[51]

## V. DISCUSSION

The Trustee argues that the Bankruptcy Court's Relief Order is void because it was

---

[46] *See generally* App. Tab 1.

[47] App. Tabs 34 and 35.

[48] App. Tab 37 at 38:2-7.

[49] *Id*. at 37:18-24.

[50] App. Tab 39.

[51] App. Tab 1 at Bankr. Dkt. 256.

12

entered in a manner inconsistent with due process. Specifically, she argues that the due process rights of the unserved creditors were violated because they did not receive actual notice of the Relief Motion and that all the creditors' rights to due process were violated because the Relief Motion was originally styled as a Lease Rejection Motion and did not contain any references to the automatic stay provisions contained in 11 U.S.C. § 362. Thus, she argues, the creditors had no notice that Memorial was requesting relief from the automatic stay.

The court finds, however, that the Trustee lacks standing to assert the alleged due process violations on behalf of creditors of the Debtor's bankruptcy estate.[52] As set forth in more detail below, even if the Trustee had standing to assert such rights, the court would nevertheless affirm the Bankruptcy Court's Order Denying Reconsideration because the creditors' due process rights were not violated.

**A. No Standing**

To have standing on appeal, the appellant must be aggrieved by the order from which the appeal is taken.[53] Moreover, "[j]ust like litigants generally cannot bring suit to vindicate the rights of others, parties generally do not have standing to appeal in order to protect the rights of

---

[52] The Trustee contends that she has standing to raise due process violations on behalf of creditors to facilitate the trustee's duty to collect property of the estate as a representative of the estate, which estate exists solely for the benefit of creditors.

[53] *Thomas v. Metro Life Ins. Co.*, 631 F.3d 1153, 1159 (10th Cir. 2011).

third parties."[54] Accordingly, "federal courts must be hesitant to resolve controversies involving the rights of third parties not before the court [because] [i]t may be that the holders of those rights have simply chosen not to assert them."[55]

While the Trustee stands in the shoes of the Debtor,[56] she does not stand in the shoes of unsecured creditors.[57] Further, although the Trustee "has the obligation to guard the general interests of the unsecured creditor class, that does not translate into the ability to represent individual creditors."[58] Because the Trustee does not represent individual creditors, she cannot seek relief based on deficient notice to unsecured creditors, nor can she seek relief for alleged due process violations on behalf of creditors of the estate.[59]

---

[54] *Id*. (internal citations omitted); *see also Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim for relief on the legal rights or interests of third parties.").

[55] *Korneff v. Downey Reg'l Med. Ctr.-Hosp, Inc. (In re Downey Reg'l Med Ctr-Hosp., Inc.)*, 441 B.R. 120, 128 (B.A.P. 9th Cir. 2010).

[56] *See Mosier v. Callister, Nebeker & McCullough, P.C.*, 546 F.3d 1271, 1275 (10th Cir. 2008).

[57] *Dairy Fresh Foods v. Ramette (In re Country Club Mkt.)*, 175 B.R. 1011, 1016 (Bankr. D. Minn. 1994).

[58] *In re Arnold*, 2010 Bankr. LEXIS 3336, *7 (Bankr. N.D.N.Y. Sept. 27, 2010).

[59] *Cf. Phillips v. Attys. Title Guar. Fund (In re Robinson)*, 2003 Bankr. LEXIS 227, *7-8 (B.A.P. 10th Cir. Mar. 21, 2003) (dismissing individual creditor's appeal for lack of standing where creditor argued that even though he received notice of dismissal of the debtor's bankruptcy case, other creditors did not); *In re Bult*, 108 B.R. 207, 209-210 (Bankr. E.D. Wis. 1989) (debtor-in-possession, who has powers of a trustee, lacks standing to pursue due process grievances that "interested parties" may have because of defective notice); *see also Advantage Healthplan, Inc. v. Potter*, 391 B.R. 521, 549 (D.D.C. 2008) (on appeal individual creditor lacked

B.  **No Due Process Violation**

Even if the Trustee had standing, the court would find that the due process rights of the creditors were not violated.[60] It is well established that the Due Process Clause of the Fifth Amendment requires that, before property can be taken, notice and an opportunity for a hearing must be provided.[61] The notice required under the due process clause must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."[62] More specifically, with respect to a motion for relief from stay, the statutory procedure to be followed "requires some form of 'notice and hearing.'"[63] The level of notice to be given "depends on the interest at issue because 'due process is flexible and calls for such procedural protections as the particular situation demands.'"[64] As a result, while due process requires that notice be reasonably calculated to

---

standing to assert due process claims on behalf of other creditors); *In re American Cartage, Inc.*, 656 F.3d 82, 90 (1st Cir. 2011) (trustee lacks standing to pursue claims that belong personally to the creditors).

[60]  Indeed not only did they have notice of the Motion for Reconsideration, but the Trustee argued on their behalf.  The Bankruptcy Court denied the Motion for Reconsideration, but only after hearing the arguments presented by the Trustee on behalf of the creditors at the hearing on the Motion to Reconsider.  Therefore, the interests of the creditors were heard and considered, rectifying any possible due process violation that had occurred previously.

[61] *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 303 (1950).

[62]  *Id.* at 314.

[63] *In re Looney,* 823 F.3d 788, 790 (4th Cir. 1987).

[64]  *Cech v. Crescent Hills Coal Co. (In re Shannopin Mining Co.)*, 2002 U.S. Dist. LEXIS 15731, *110 (W.D. Pa. 2002) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 487 (1972)).

apprise interested parties of the pendency of the action, it does not require that an interested party actually receive notice.[65]

First, to make a claim for denial of due process, the Trustee must show that the creditors were deprived of a property interest.[66] The creditors of the Debtor's bankruptcy estate, however, had no property interest in the Lease. Rather, the Lease was property of the Debtor's bankruptcy estate upon filing of the Debtor's bankruptcy petition.[67] While the Trustee alleges that the Lease may eventually generate income that could arguably be distributed to creditors of the estate, such potential income that is not guaranteed is insufficient to establish an interest in property for purposes of a due process claim.[68]

Second, the Lease Rejection Motion provided meaningful notice that Memorial was requesting relief from the automatic stay in spite of its failure to mention 11 U.S.C. § 362 or the automatic stay. In reviewing the substance of the Lease Rejection Motion it is clear that Memorial was seeking relief from the automatic stay. More specifically, the Lease Rejection

---

[65] *Baldwin v. Credit Based Asset Servicing & Securitization (In re Baldwin)*, 2009 U.S. Dist. LEXIS 27360, *8-9 (E.D. Mo. Mar. 31, 2009).

[66] *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 569 (1972).

[67] *See In re C.W. Mining Co.*, 2009 Bankr. LEXIS 1527, *26 (Bankr. D. Utah Apr. 23, 2009) ("An unexpired lease becomes property of the estate under § 541, if it has not terminated prior to a bankruptcy petition being filed."); 11 U.S.C. § 541(a)(1) (property of the estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case.").

[68] *See Farthing v. City of Shawnee*, 39 F.3d 1131, 1136 (10th Cir. 1994) (finding that the problem with the appellant's due process claim was that she had no vested property interest).

Motion requested the following relief: "that [Memorial] be allowed to return to [the State Court] for appropriate remedies, including eviction" of the Debtor.[69] The only way Memorial could "return to the State Court" to evict the Debtor is if it obtained relief from the automatic stay since the automatic stay prohibits a lessor from evicting a debtor from property it is leasing while the automatic stay is in place. Therefore, the Lease Rejection Motion was reasonably calculated to provide notice that Memorial was seeking relief from the automatic stay to proceed with evicting the Debtor from the Premises.

    Finally, the court also finds that the due process rights of the unserved creditors were not violated. As discussed above, they did not have a protectable property interest in the Lease. Moreover, while they did not receive actual notice of the Lease Rejection Motion or the Relief Order, they did receive notice of the Reconsideration Motion. Yet, none of the unserved creditors joined in the Trustee's Motion or filed their own motion to assert the alleged violation of their due process rights.[70] Indeed, none of the unserved creditors has ever filed any pleadings or participated in any hearings relating to the Lease. In addition, as the Bankruptcy Court pointed out in its ruling, the court had ordered expedited and limited notice procedures for stay relief proceedings in the Lease Assumption Order, and no one appealed that order. Thus, the court

---

[69] App. Tab 4 at 11.

[70] Indeed, the Trustee represented the interests of the unserved creditors (along with all creditors) when she filed the Motion for Reconsideration and was heard by the Bankruptcy Court. Thus, any due process violation that had occurred earlier due to the lack of notice was cured at that point.

finds that the alleged error by the Bankruptcy Court was harmless and therefore did not violate the due process rights of the unserved creditors.

## IV.  CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Bankruptcy Court's Order on Chapter 7 Trustee's Motion Requesting Relief Under Federal Rule of Civil Procedure 60(b)(4) and Federal Rule of Bankruptcy Procedure 9024, dated September 22, 2011, is AFFIRMED.

DATED this 28th day of February, 2013.

BY THE COURT:

DALE A. KIMBALL
United States District Judge